IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00286-RJC-WCM

| | |
|---|---|
| JEREMIAH V. PITTS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL E. SAVAGE )<br>)<br>Defendant. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the Court on Defendant's Motion to Dismiss (the "Motion to Dismiss" Doc. 3), which has been referred to the undersigned pursuant to 28 U.S.C. §636 for the entry of a recommendation.

I. Relevant Background

On August 21, 2019, a Bill of Indictment was filed charging Plaintiff Jeremiah V. Pitts ("Pitts") with four counts of mail fraud affecting a financial institution pursuant to 18 U.S.C. §1341, eight counts of bank fraud pursuant to 18 U.S.C. §1344, and three counts of money laundering pursuant to 18 U.S.C. §§1957 and 2. That proceeding (the "Criminal Case") bears file number 3:19-cr-00243-MOC-DCK and is pending before the Honorable Max O. Cogburn, Jr., United States District Judge. Defendant Michael E. Savage ("AUSA Savage") is an Assistant United States Attorney and is the lead prosecutor in the Criminal Case.

1

The docket in the Criminal Case indicates that Pitts made an initial appearance in the United States District Court for the Northern District of Illinois in early May 2020.

On May 15, 2020, Pitts made his initial appearance in this district at which time he moved for the appointment of counsel. His request was allowed, and attorney Nicole Lybrand was assigned to represent him.

On August 18, 2020, Ms. Lybrand filed a Motion for Inquiry into the Status of Counsel. Criminal Case, Doc. 12. Pitts thereafter submitted letters which were construed as being *pro se* motions for an inquiry into the status of counsel. Criminal Case, Docs. 13, 15.

Following a hearing on September 1, 2020, Ms. Lybrand's motion was allowed, and new counsel was appointed for Pitts. Attorney Haakon Thorsen was subsequently assigned to represent Pitts.

On October 8, 2020 letters from Pitts to the presiding District Judge and the referral Magistrate Judge were docketed. Criminal Case, Docs. 19, 20. In those documents, Plaintiff stated that he was writing "with concerns regarding the authenticity of the audio/video of me Jeremiah Pitts & Pennsylvania State Police Trooper Matthew Petrof which has led to this [sic] alleged Federal charges."

On November 9, 2020, Mr. Thorsen filed a Motion for Hearing on Status of Counsel. Criminal Case, Doc. 23. *Pro se* letters from Pitts requesting new counsel were subsequently docketed as well. Criminal Case, Docs. 24, 25.

On November 25, 2020, the Honorable David Keesler, United States Magistrate Judge, conducted a hearing on the motion for inquiry of counsel. Judge Keesler concluded that the appointment of substitute counsel for Pitts was not warranted and noted that Mr. Thorsen and AUSA Savage had "agreed to discuss what appears to be [Pitts'] greatest concern, which is an alleged gap in the recording of a 2017 traffic stop that is part of the discovery in the case."

A few days later, on November 30, 2020, Mr. Thorsen filed a "Motion to Withdraw/Motion for Hearing on Status of Counsel," Criminal Case, Doc 27, which indicated that Pitts did not appear for a meeting with Mr. Thorsen on November 30 and, when contacted, told counsel that he was terminated and threatened to harm counsel should the attorney-client relationship continue.

On the same day, Pitts, acting *pro se*, filed a Complaint for No – Contact Order for Stalking or Nonconsensual Sexual Conduct in the Mecklenburg County General Court of Justice, District Court Division, against Mr. Thorsen (file number 20 CVD 14478). Doc. 3-3 at 2-3. The Mecklenburg County District Court denied Pitts' request for a temporary no contact order. Id. at 4-8.

On December 1, 2020, letters from Pitts were docketed in the Criminal Case. Those letters indicated that Pitts wished to terminate Mr. Thorsen's representation. Criminal Case, Docs. 28, 29.

By Order entered on December 9, 2020, Judge Keesler granted Mr. Thorsen's Motion to Withdraw and directed the Federal Defender's Office to appoint new counsel for Pitts. Criminal Case, Doc. 30. Attorney Frederick Winiker was assigned to represent Pitts the next day.

On December 17, 2020, Pitts' suit in state court against Mr. Thorsen was dismissed without prejudice when Pitts failed to appear for a hearing. Doc. 3-3 at 1.

In a letter dated March 3, 2021, AUSA Savage wrote to Mr. Winiker concerning Pitts' traffic stop that occurred on February 23, 2017 in Pennsylvania. Doc. 5-1. A subsequent statement by Pitts indicates that Mr. Winiker forwarded a copy of that letter from AUSA Savage to Pitts later that night (March 3, 2021). Doc. 1-1 at 7.[1]

On June 1, 2021, Pitts filed a letter which was listed on the docket as being a *pro se* motion for inquiry of counsel. Criminal Case, Doc. 44.

---

[1] Pitts, through Mr. Winiker, subsequently filed a Motion to Suppress evidence from the traffic stop. Criminal Case, Doc. 36. Following a hearing on the Motion, the District Court entered an order denying the Motion to Suppress. Criminal Case, Doc. 45.

4

On June 2, 2021, Pitts, again appearing *pro se*, filed a Complaint for No – Contact Order for Stalking or Nonconsensual Sexual Conduct in the Mecklenburg County General Court of Justice, District Court Division, (file number 21 CVD 8327), against his then-criminal defense counsel, Mr. Winiker. Doc. 3-2 at 5-6.

Also on June 2, 2021, Pitts filed a similar Complaint for No – Contact Order for Stalking or Nonconsensual Sexual Conduct (file number 21 CVD 8328) against AUSA Savage. Doc 1-1 at 5-6.

Pitts' request for a temporary no contact order against Mr. Winiker was denied as the Mecklenburg County District Court found that Pitts did not provide competent evidence "of 50c unlawful conduct." Doc. 3-2 at 11-12.

The Mecklenburg County District Court similarly denied his request for a temporary no contact order against AUSA Savage as it found that there was not an explanation of immediate, irreparable harm, injury, or damage. Doc. 1-1 at 11-12.

On June 16, 2021 Judge Keesler conducted an inquiry into the status of counsel.

Also on June 16, 2021, the instant civil matter was opened, when AUSA Savage removed Pitts' state court action against AUSA Savage. Doc. 1.

A subsequent inquiry into the status of counsel in the Criminal Case was held before Judge Cogburn on July 12, 2021 and, by text order entered on

August 2, 2021, the Court directed that Pitts be appointed experienced counsel from the Federal Defender's Office. Attorney David Q. Burgess was assigned to represent Pitts and continues to represent him in the Criminal Case. Trial of the Criminal Case has been set for October 25, 2021. Criminal Case, Doc. 49.

On August 4, 2021, AUSA Savage filed the instant Motion to Dismiss along with a supporting memorandum and exhibits. Doc. 3.

On August 13, 2021, Pitts filed a response in opposition. Doc. 5.

On August 16, 2021, AUSA Savage filed a notice advising that he did not intend to reply. Doc. 6. Consequently, the Motion to Dismiss is fully briefed and ripe for ruling.

## II. Plaintiffs' Allegations

In his filings before the state court, which are the operative allegations here, Pitts appears to allege that AUSA Savage harassed Pitts by discussing discovery issues in the Criminal Case with Pitts' counsel, Mr. Winiker, particularly through the March 3 letter which explained AUSA Savage's investigation of the issues raised concerning Pitts' February 23, 2017 traffic stop. In that letter, AUSA Savage stated that he asked Pennsylvania State Police troopers about Pitts' concern that the dash cam video produced in discovery did not show time stamp markings and explained the Government's expected testimony regarding the lack of time stamp markings on video

6

recordings created in 2017. As part of that discussion, and apparently for illustrative purposes, AUSA Savage referenced a dash cam video that he had viewed on YouTube that did not include time stamp markings. A description of a link to that video was included in the letter.

Pitts' filings indicate that after he received AUSA Savage's letter, forwarded to him by Mr. Winiker, he viewed the video himself.

Further, and though the video was apparently entirely unrelated to the traffic stop of Pitts or his Criminal Case, it appears that Pitts determined that the video was "a message of an African-American Man dying at the hands of police during a nonviolent Public Safety stop." Doc. 1-1 at 7. Pitts alleges that this information "tormented, terrified" him to the point that he "froze in fear for [his] life." Id.

### III. Legal Standard

#### A. Rule 12(b)(1)

A motion to dismiss made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure addresses whether the court has subject-matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1). Questions regarding a waiver of sovereign immunity may be resolved via a Rule 12(b)(1) motion. Anderson v. United States, 669 F.3d 161, 164 (4th Cir.2011) (analyzing the United States' limited waiver of immunity under the FTCA and stating that "[w]here the United States has not waived its sovereign immunity, a plaintiff's claim

7

against the United States should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)").

### B. Rule 12(b)(6)

When considering a motion made pursuant to Rule 12(b)(6), the court, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff, determines "whether the complaint on its face states plausible claims upon which relief can be granted." Francis v. Giacomelli, 588 F.3d 186, 189 & 192 (4th Cir. 2009); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from

conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

Prosecutorial immunity may be addressed in the context of a Rule 12(b)(6) motion. Tigano v. United States, ---F.Supp.3d---, 2021 WL 1109162, at *5 n. 4 (E.D.N.Y. March 22, 2021) (citing Imbler v. Pachtman, 424 U.S. 409, 419–22, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Bouchard v. Olmsted, 775 F. App'x 701, 702–03 (2d Cir. 2019) (summary order)); Newberry v. Champion, No. 3:16-CV-143-DMB-RP, 2017 WL 1074463, at *5 (N.D. Miss. March 17, 2017) ("a Rule 12(b)(1) challenge to subject matter jurisdiction is a procedurally improper vehicle for seeking dismissal based on absolute prosecutorial immunity").

### C. *Pro Se* Filings

Finally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citation omitted). At the same time, the court cannot ignore a clear failure to allege facts which set forth a cognizable claim and does not act as a *pro se* plaintiff's advocate or develop claims that a plaintiff fails to raise. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court

into an advocate. Only those questions which are squarely presented to a court may properly be addressed."); Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (district courts are not expected to assume the role of advocate for the pro se plaintiff).

## IV. Discussion

In the Motion to Dismiss, AUSA Savage argues that Plaintiff's claims should be dismissed pursuant to the doctrines of sovereign immunity (to the extent Plaintiff asserts an official capacity claim) and prosecutorial immunity (to the extent Plaintiff asserts an individual capacity claim). Alternatively, AUSA Savage argues that Plaintiff has failed to state a claim upon which relief may be granted and has failed to perfect service upon him.

### A. Immunity

As AUSA Savage notes, it is not clear whether Pitts is attempting to allege claims against AUSA Savage in his official capacity or in his individual capacity. Such a distinction is important. See Edokobi v. Grimm, No. GJH-19-905, 2020 WL 1063064, at *5 (D. Md. Mar. 4, 2020), aff'd, 837 F. App'x 237 (4th Cir. 2021) (discussing the distinction between official capacity and personal capacity suits, and that while a party in an individual-capacity action may be able to assert "personal immunity defenses, such as, for example, absolute prosecutorial immunity," the "real party in interest" in an official-capacity action "is the government entity, not the named official").

10

Considering Plaintiff's *pro se* status, the undersigned has considered both alternatives.

### 1. Official Capacity Claim

To the extent Pitts is attempting to assert a claim against AUSA Savage in his official capacity, such claim is effectively brought against the United States. See Herndon v. Astrue, No. 5:10–CV–175–RLV–DCK, 2011 WL 7971757, at *7 (W.D.N.C. Sept. 15, 2011) ("a suit filed against a federal officer in his or her official capacity is actually a suit against the United States").

"The doctrine of sovereign immunity denies a court of subject matter jurisdiction over suits against the United States, and its agencies, unless the Government consents to the suit." Bynum v. VA Regional Office, No. 5:16-cv-00013-RLV-DCK, 2017 WL 603302, at *3 (W.D.N.C. Feb. 14, 2017) (citing Judkins v. Veterans Admin., 415 F. Supp.2d 613, 616 (E.D.N.C. 2005); United States v. Mitchell, 445 U.S. 535, 538 (1980) ("It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (internal quotation marks, ellipsis and brackets omitted)); see also Herndon, 2011 WL 7971757, at *7 ("It is axiomatic that the United States cannot be sued without its consent and that a federal court lacks subject matter jurisdiction over such claims absent an express waiver of sovereign immunity").

"A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" Id. (quoting Mitchell, 445 U.S. at 538 (quoting United States v. King, 395 U.S. 1, 4 (1969)).

Here, there is no indication that the United States has waived sovereign immunity for Pitts' claims, and Pitts does not point to any law to that effect. Accordingly, the undersigned will recommend that, to the extent Plaintiff is attempting to assert an official capacity claim against AUSA Savage, such claim be dismissed without prejudice. See Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013); Owen v. FDA Office of Generic Drugs, No. 1:20-cv-00098-MR, 2021 WL 3883112, at *6 (W.D.N.C. Aug. 27, 2021) (dismissing claims against the United States without prejudice on the grounds of sovereign immunity).

### 2. Individual Capacity Claim

To the extent Pitts is attempting to make a claim against AUSA Savage in his individual capacity, AUSA Savage has asserted the defense of prosecutorial immunity.

"It is well settled that prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are absolutely immune from civil suit." Safar v. Tingle, 859 F.3d 241, 248 (4th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)); accord Goldstein v. Moatz, 364 F.3d 205, 212 (4th Cir. 2004).

12

In this case, Pitts, who has now filed state court no-contact actions against two appointed attorneys while they were attempting to represent him, complains of AUSA Savage's actions in providing information to Pitts' attorney in the Criminal Case in response to issues Pitts himself had raised concerning the subject traffic stop. Addressing discovery issues in criminal matters is work that federal prosecutors perform routinely and is "intimately associated with the judicial phase of the criminal process."

Accordingly, AUSA Savage is entitled to absolute immunity against any individual capacity claim brought by Pitts, and the undersigned will recommend that such claim be dismissed with prejudice. See Green v. Hyman, 4:20-cv-03100-RBH-PJG, 2021 WL 248583 (D.S.C. Jan. 26, 2021) (dismissing claims against defendants entitled to absolute prosecutorial immunity with prejudice) (citing Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir. 2006) ("affirm[ing] the district court's dismissal with prejudice" because the defendant was "entitled to absolute prosecutorial immunity"); Ostrzenski v. Seigel, 177 F.3d 245, 248, 252–53 (4th Cir. 1999) (upholding a dismissal with prejudice based on absolute immunity principles)); see also Hunter v. Virginia State Bar, 786 F.Supp.2d 1107 (E.D. Va. 2011) (state bar counsel entitled to absolute prosecutorial immunity in an action to enjoin the Virginia State Bar from continuing to pursue disciplinary action against plaintiff).

### B. Failure to State a Claim

Likewise, AUSA Savage's argument that Pitts' claims should be dismissed for failure to state a claim is well taken.

In his "Complaint for No-Contact Order for Stalking or Nonconsensual Sexual Conduct," Plaintiff alleged that he was a victim of "unlawful conduct." Doc. 1-1 at 5. Specifically, Plaintiff asserted that his receipt of AUSA Savage's March 3, 2021 letter regarding Plaintiff's discovery concerns in the Criminal Case "tormented" and "terrified" him. Id.

N.C.G.S. §50C-1(7) defines "unlawful conduct" as either "nonconsensual sexual conduct" or "stalking." Plaintiff does not allege that nonconsensual sexual conduct occurred. Doc. 1-1 at 5.

"Stalking" is defined as:

> On more than one occasion, following or otherwise harassing, as defined in G.S. 14-277.3A(b)(2), another person without legal purpose with the intent to do any of the following:
>
> a. Place the person in reasonable fear either for the person's safety or the safety of the person's immediate family or close personal associates.
>
> b. Cause that person to suffer substantial emotional distress by placing that person in fear of death, bodily injury, or continued harassment and that in fact causes that person substantial emotional distress.
>
> N.C.G.S. §50C-1(6).

"Harassing," in turn, is defined as "[k]nowing conduct, including written or printed communication or transmission…directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose." N.C.G.S. §14-277.3A(b)(2).

The record reveals no plausible factual allegation whatsoever that AUSA Savage has engaged in conduct that would support a claim for stalking. The March 3, 2021 correspondence was sent for a "legitimate purpose," specifically, responding to Plaintiff's concerns regarding discovery in the Criminal Case, and there is no allegation that AUSA Savage intended to cause Plaintiff to experience "reasonable fear" or "substantial emotional distress."

Accordingly, the undersigned will alternatively recommend that any individual capacity claim be dismissed with prejudice for failure to state a claim. See Carter v. Norfolk Community Hosp. Assoc., 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion."); McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice."), *abrogated on other grounds by* Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020)).

## V. Recommendation

The undersigned respectfully **RECOMMENDS** that Defendant's Motion to Dismiss (the "Motion to Dismiss" Doc. 3), be **GRANTED** as follows:

(1) That to the extent Plaintiff has brought an official capacity claim against AUSA Savage, such claim be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

(2) That to the extent Plaintiff has brought an individual capacity claim against AUSA Savage, such claim be **DISMISSED WITH PREJUDICE** based on absolute prosecutorial immunity or, in the alternative, that such claim be **DISMISSED WITH PREJUDICE** for failure to state a claim.

Signed: September 24, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).