# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:21-cv-00286-RJC-WCM

| | |
|---|---|
| **JEREMIAH V. PITTS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) <u>**Order**</u> |
| **MICHAEL E. SAVAGE,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss (the "Motion") (Doc. No. 3) and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 7). The Court has reviewed all associated filings to the Motion and M&R. For the reasons stated herein, the M&R is **ADOPTED** and Defendant's Motion is **GRANTED**.

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when

objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

The existence of subject-matter jurisdiction is a threshold issue a court must address before considering the merits of any case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998); *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). A federal court's subject-matter jurisdiction is limited. *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000). If the Court lacks jurisdiction, it has no authority to hear any part of the case. Fed. R. Civ. P. 12(h)(3). Lack of subject-matter jurisdiction "may be raised at any time," even after a trial. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011). Even when none of the parties have raised the issue, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). Furthermore, the party seeking federal jurisdiction has the burden of proving that subject-matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "Where the United States has not waived its sovereign immunity, a plaintiff's claim against the United States should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil

Procedure 12(b)(1)." *Anderson v. U.S.*, 669 F.3d 161, 164 (4th Cir. 2011).

## III.    DISCUSSION

For purposes of the M&R, given Plaintiff's pro se status, the Magistrate Judge considered Plaintiff's claims against Defendant, an Assistant United States Attorney and prosecutor in a criminal case against Plaintiff, in both his official and individual capacity.[1] (Doc. No. 7).  The Magistrate Judge recommended that any claims against Defendant in his official capacity be dismissed for lack of subject matter jurisdiction because of sovereign immunity.  (*Id.*)  Next, the Magistrate Judge concluded any claims against Defendant in his individual capacity were barred by prosecutorial immunity and recommended dismissal.  (*Id.*)  Alternatively, the Magistrate Judge recommended dismissal of the Complaint for failure to state a claim because the "record reveals no plausible factual allegation whatsoever that AUSA Savage has engaged in conduct that would support a claim for stalking."  (*Id.* at 15).  Rather, the record demonstrated that Defendant's conduct had a legitimate purpose of responding to Plaintiff's concerns regarding discovery in his criminal case.  (*Id.*).

Plaintiff filed a one page objection to the M&R which does not clearly set forth any specific objection to the M&R; thus, de novo review of the objection is not required.  *See Orpiano*, 687 F.2d at 47.  However, given Plaintiff's pro se status and liberally construing his objection, the Court interprets the Plaintiff's objection as an objection to the M&R's conclusion that the Court lacks subject matter jurisdiction over any claims against Defendant in his official capacity because of sovereign immunity.[2]  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citation omitted)

---

[1] The Complaint is unclear as to whether the claims are brought against Defendant in his official capacity, individual capacity, or both.

[2] The Plaintiff's objection states, "It's only fair to allow the plaintiff to also illustrate the 'subject matter jurisdiction' requested via YouTube" and provides a link to a YouTube video.  (Doc. No. 8).

("A document filed pro se is to be liberally construed . . . .").

An action filed against a federal official in his official capacity is "in all respects other than name, to be treated as a suit against" the United States. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Sovereign immunity shields the United States from lawsuits unless it is expressly waived. *U.S. v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." (internal citations omitted)). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane*, 518 U.S. at 192.

Here, Plaintiff's "Complaint for No-Contact Order for Stalking or Nonconsensual Sexual Conduct," appears to bring a claim for "unlawful conduct." There is no indication that the United States has waived sovereign immunity for such claims and Plaintiff has not otherwise been directed the Court to an express waiver of sovereign immunity for such claims. Therefore, to the extent Plaintiff is asserting a claim against Defendant in his official capacity the claim will be dismissed without prejudice. *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

The Court has conducted a full review of the remaining portions of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be adopted.

4

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.  The Magistrate Judge's M&R (Doc. No. 7) is **ADOPTED**;

2.  Defendant's Motion to Dismiss (Doc. No. 3) is **GRANTED**;

3.  Plaintiff's claims against Defendant in his official capacity, if any, are **DISMISSED WITHOUT PREJUDICE**;

4.  Plaintiff's claims against Defendant in his individual capacity, if any, are **DISMISSED WITH PREJUDICE**.

5.  The Clerk of Court is directed to close this case.

Signed: January 31, 2022

Robert J. Conrad, Jr.
United States District Judge